**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DEBORAH A. OWENS, )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>)<br>WINNEBAGO INDUSTRIES, INC., )<br>A Foreign Corporation, and GENERAL )<br>RV CENTER, INC., A Michigan Corp., )<br>Jointly and Severally, )<br>)<br>*Defendants*. ) | No.   5:05CV60259<br><br>Hon. Judge John Corbett O'Meara |

# Order Granting Defendant Winnebago's
# Rule 56 Motion for Summary Judgment

On October 9, 2004, Plaintiff Deborah Owens purchased a 2004 Winnebago Adventurer motor home from Defendant General RV Center, Inc. ("GRV") in Wixom, Michigan. [Doc. 1.] Defendant Winnebago Industries, Inc. ("Winnebago") assembled the "home" portion of the vehicle on a chassis manufactured by non-party Ford Motor Co. [Doc. 1 ¶ 6.] On November 10, 2005, plaintiff filed a seven-count breach of warranty complaint against Winnebago and GRV. [Doc. 1.] Counts 1-3 are brought under the Uniform Commercial Code ("UCC"), alleging claims for breach of express warranty, breach of the implied warranty of merchantability, and revocation of acceptance, respectively. Counts 4 and 5, respectively, allege claims for breach of written warranty and breach of the implied warranty of merchantability under the Magnusson-Moss Warranty Act, 15 U.S.C. § 2310, *et seq*. Count 6 alleges violation of Michigan's Consumer Protection Act, MCLA 445.901, and count 7 alleges common law breach of contract. [Doc. 1.]

On April 3, 2006, the court granted GRV's unopposed motion to dismiss all claims against it based on an arbitration clause in the parties' sales agreement. [Doc. 23.] On this same

day the court granted Winnebago's motion to dismiss counts 3 (revocation of acceptance) and 7 (breach of contract) with prejudice, and dismissed count 6 (Consumer Protection Act claim) without prejudice. [Doc. 23.] On April 25, 2006, the court allowed the plaintiff until May 6, 2006, to amend count 6. [Doc. 25.] Plaintiff did not do within the time provided, and did not request leave to do so subsequently.

On November 30, 2006, Winnebago moved for judgment as a matter of law on the remaining counts 1, 2, 4, & 5, and to dismiss count 6 with prejudice.

On February 8, 2007, the court held a hearing on Winnebago's motion. For the reasons stated in open court, the court finds that Winnebago is entitled to judgment as a matter of law on counts 1, 2, 4, & 5, and dismisses count 6 with prejudice. All claims asserted in the complaint having now been disposed of, final judgment shall be entered in favor of Winnebago and GRV and against the plaintiff.

IT IS SO ORDERED.


Dated: February 13, 2007                    s/John Corbett O'Meara
                                            United States District Judge



I hereby certify that a copy of this order was served upon counsel of record electronically on this date, February 13, 2007.

                                            s/William Barkholz
                                            Case Manager